UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ) | CASE NO. 17-20655-CMB |
| ) | |
| CLARA A. SANTINI ) | CHAPTER 13 |
| ) | |
| DEBTOR ) | DOCUMENT NO. |
| _____ ) | |
| CLARA A. SANTINI ) | HEARING DATE: 11/7/18 @ 10:00 A.M. |
| ) | |
| MOVANT ) | |
| ) | |
| VS. ) | |
| ) | |
| REGIONS BANK dba REGIONS MORTGAGE, ) | |
| BEAVER COUNTY TAX CLAIM BUREAU, ) | |
| CITY OF ALIQUIPPA, C/O PORTNOFF LAW ) | |
| ASSOCIATES, ALIQUIPPA SCHOOL DISTRICT) | |
| C/O PORTNOFF LAW ASSOCIATES ) | |
| INTERNAL REVENUE SERVICE, ) | |
| COMMONWEALTH OF PENNSYLVANIA, ) | |
| DEPARTMENT OF REVENUE, ) | |
| AND RONDA J. WINNECOUR, ) | |
| CHAPTER 13 TRUSTEE, ) | |
| ) | |
| RESPONDENTS. ) | |

**ORDER CONFIRMING CHAPTER 13 SALE OF PROPERTY FREE AND DIVESTED OF LIENS**

AND NOW, this _____day of _____ 2018, on consideration of the *Clara Santini Motion for Sale of Property Free and Divested of Liens* to for *$ 67,788.00*, after hearing held in Courtroom B, 54 Floor, 600 Grant Street, Pittsburgh, PA, this date, the Court finds:

(1) That service of the Notice of Hearing and Order setting hearing on said Motion for private sale of real property free and divested of liens of the above named Respondents, was effected on the following secured creditors whose liens are recited in said Motion/Complaint for private sale, viz:

**DATE OF SERVICE NAME OF LIENOR AND SECURITY**

Ronda J. Winnecour, Chapter 13 Trustee - By ECF Email Noticing on 12/14/2017 **(No Lien)**

Arnold A. Barnabei, Esquire, Office of Chief Counsel, PA Dept Rev., Dept. 281061, Harrisburg, PA 17128-1061, U.S. Mail on 10/12/2018  **(No Lien or claim)**

United States Trustee's Office, by ECF Email Noticing on 10/12/2018 **(No Lien)**

Jill L. Locnikar, Esq.  Assistant United States Attorney, US Post Office & Courthouse, 700 Grant St. Suite 4000, Pittsburgh, PA 15219, U.S. Mail on 10/12/2018  **(No Lien)**

Regions Bank PO Box 1860, Memphis, TN  US Mail on 10/12/2018 **(Mortgage Lien) (Claims No. 5)**

Beaver County Tax Claim Bureau, Attn: Kevin McIlwain , 810 Third St., Beaver, PA 15009 US Mail 10/12/2018  **(No Lien)**

Connie T. Javens, Treasurer, 810 Third St. Beaver, PA 15009 US Mail 10/12/2018  **(No Lien)**

Portnoff Law Associates, City of Aliquippa & Aliquippa School District, 1000 Sandy Hill Rd., Suite 150, Norristown, PA 19404 US Mail 10/12/2018  **(No Lien)**

(2) That sufficient general notice of said hearing and sale, together with the confirmation hearing thereon, was given to the creditors and parties in interest by the moving party as shown by the certificate of serviced duly filed and that the named parties were duly served with the Motion.

(3) That at the sale hearing the highest/best offer received was that of the above Purchaser and no objections to the sale were made which would result in cancellation of said sale.

(4) That the price of $67,788.00 offered by ***Jackie Royal*** was a full and fair price for the property in question.

(5) That the Purchaser has acted in good faith with respect to the within sale in accordance with *In re Abbotts Dairies of Pennsylvania, Inc.*, 788 F2d. 143 (3d Cir. 1986).

Now therefore, **IT IS ORDERED, ADJUDGED AND DECREED** that the sale by Special Warranty deed of the real property described as 1014 Main St. , Aliquippa, PA 15001 is hereby **CONFIRMED** to ***Jackie Royal*** for $67,788.00, free and divested of the above recited liens and claims, and, that the Movant is authorized to make, execute and deliver to the Purchaser above named the necessary deed and/or other documents required to transfer title to the property purchased upon compliance with the terms of sale;

IT IS FURTHER ORDERED, that the above recited liens and claims, be, and they hereby are, transferred to the proceeds of sale, if and to the extent they may be determined to be valid liens against the sold property, that the within decreed sale shall be free, clear and divested of said liens and claims;

FURTHER ORDERED, that the following expenses/costs shall immediately be paid at the time of closing. *Failure of the Closing Agent to timely make and forward the disbursements required by this Order will subject the closing agent to monetary sanctions*, including among other things, a fine or the imposition of damages, after notice and hearing, for failure to comply with the above terms of this Order.  Except as to the distribution specifically authorized herein, all remaining funds shall be held by Counsel for Movant pending further Order of this Court after notice and hearing:

(1) The following lien(s)/claim(s) and amounts:                                                                                                ;
Regions Bank, (1st mortgage) approximately $42,741.33

(2) Delinquent real estate taxes, if any;

(3) Current real estate taxes, pro-rated to the date of closing;

(4) The costs of local newspaper advertising in the amount of approximately                                                   ;
$600.00 reimbursement to the Debtor, Clara Santini

(5) The costs of legal journal advertising in the amount of approximately $0.00                 ;

(6) Court approved attorney fees in the amount of $1,500.00 to Edgardo D. Santillan, Esquire;

(7) Chapter 13 Trustee "percentage fees" in the amount of $56.02
payable to "Ronda J. Winnecour Ch. 13 Trustee, PO Box 2587, Pittsburgh, PA 15230

    (8)    Clara Santini, in the amount of approximately $14,360.00 toward her bankruptcy exemption;

    (9)    Court approved Realtor fees in the amount of $4,000.00 to Renee Statler of Berkshire Hathaway

    (10)    Ordinary closing costs under Pennsylvania Law;

    (11)    Language requiring the Sellers to make possible future repairs relating to Sewer Laterals/Dye Test and/or restoration of property after work is completed is stricken, as the sale is "AS IS" WHERE IS" ;

    (12)    The "net proceeds" from the closing as identified on the HUD-1 to the Chapter 13 Trustee payable to *"Ronda J. Winnecour, Ch. 13 Trustee, P.O. Box 84051, Chicago, IL*

FURTHER ORDERED that:

    (1)    Closing shall occur within thirty (30) days of this Order and, **within five (5) days following closing,** the Movant/Plaintiff shall file a report of sale which shall include a copy of the HUD-1 or other Settlement Statement;

    (2)    This Sale Confirmation Order survives any dismissal or conversion of the within case;

and,

    (3)    **Within five (5) days of the date of this Order**, the Movant/Plaintiff shall serve a copy of the within Order on each Respondent/Defendant (i.e., each party against whom relief is sought)and its attorney of record, if any, upon any attorney or party who answered the motion or appeared at the hearing, the attorney for the debtor, the Closing Agent, the Purchaser, and the attorney for the Purchaser, if any, and file a certificate of service.

BY THE COURT:

_____
Chief  JUDGE Carlota M. Böhm
United States Bankruptcy Judge